NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2892
_____

UNITED STATES OF AMERICA

v.

TOM ELLIOTT, III,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-00-cr-00119-002)
District Judge:  Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
April 22, 2013

BEFORE:  JORDAN, ALDISERT, and NYGAARD, *Circuit Judges*

(Filed: April 30, 2013)

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

    Appellant Tom Elliott pleaded guilty to violating the terms of his supervised

release order and was sentenced to nine months of imprisonment to be served

consecutively with a one hundred and forty-month sentence imposed on the same day for other federal crimes. Elliott filed a timely appeal.[1] His counsel, Laurence C. Kress, Esq., filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), representing that there were no nonfrivolous issues to present on appeal and asking leave to withdraw as counsel. Counsel explained that, based on his review, there was no basis for challenging the revocation proceeding or Elliott's plea.

In light of the District Court's finding that Elliot knowingly and voluntarily pleaded guilty to the underlying drug charges, counsel asserts herein that there was no ground on which to challenge the validity of the guilty plea to the supervised release violation.[2] We agree. Nor was there any basis, in counsel's view, to question the procedural or substantive reasonableness of the sentence imposed. Counsel pointed out that the guideline range was correctly calculated and that Elliott's sentence was at the low end of that range. Furthermore, the District Court fully considered the § 3553(a) sentencing factors and explained its reasons for imposing the sentence at the bottom of the guideline range. We see no error, procedural or substantive, in the District Court's sentence.

We therefore conclude that counsel has adequately fulfilled his obligations under *Anders*. *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). In accordance

---

[1] The District Court exercised jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[2] Counsel filed an *Anders* brief relating to Elliott's conviction on the underlying drug conviction at No. 12-2812. On April 17, 2013, a panel of this Court affirmed the judgment of conviction and granted counsel's motion to withdraw.

with *Anders*, we have independently reviewed the record in this case and have found no meritorious issues for appeal.[3] Accordingly, we will affirm the judgment of the District Court. We also grant counsel's request to withdraw. Finally, we certify that the issues presented in the appeal lack legal merit and do not require counsel to file a petition for a writ of certiorari with the United States Supreme Court. We will grant counsel's motion to withdraw in a separate order.

---

[3] We note that, consistent with Third Circuit L.A.R. 109.2(a), counsel served a copy of his *Anders* brief upon Elliott. Also, the Clerk's Office notified Elliott of his right to file his own pro se brief. We have received no such submission from Elliott.